Dear Mr. Wilkinson:
The Port questions the legality of numerous expenditures made by its Chief Executive Officer. The expenditures at issue occurred in 2004 and 2005. You specifically question if the expenditures violate Article 7, Section 14 of the Louisiana Constitution. In short, we are of the opinion that the expenditures may be in violation of the Constitution.
Article 7, Section 14 of the Louisiana Constitution prohibits the state or any of its political subdivisions from donating, loaning, or pledging public funds. This article is violated when the state gives up something of value when it is under no obligation to do so.[1] Our office has interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty.[2]
Subsection B of Article 7, Section 14 enumerates exceptions to this general prohibition against the donation of public funds. For example, the state may use public funds for programs of social welfare for the aid of support of the needy. However, to avail oneself of this exception there must be objective criteria in place to properly identify those who are in need. This section specifically allows for the use of public funds for pension and insurance programs for the benefit of public employees. There are other exceptions as well.
Subsection C of Article 7, Section 14 provides for cooperative endeavor agreements. It is important to recognize that a cooperative endeavor agreement, although listed as a separate Subsection of Article 7, Section 14, is not an exception to the general prohibition against donating public funds. There are three requirements that must be met in order to have a constitutionally sound agreement. The three requirements are: (1) the state or any of its subdivisions must be authorized to spend the funds at issue *Page 2 
(2) the agreement must benefit the public and (3) the cost must be proportionate to the benefit.[3]
We first note that the mere fact that some of these expenditures were made part of a executed cooperative endeavor agreement does not relieve the Port from complying with Article 7, Section 14 (A). The Port must have had authority to spend the funds at issue.
The Port is charged with regulating the commerce and traffic within its geographical area in such manner, may, in its judgment, be for the best interest of the state. It specifically has charge of and is to administer public warves, docks, sheds, and landings and is further authorized to construct or acquire and equip warves and landings and other structures useful for the commerce of the port area. It may erect sheds or other structures on such warves and landings and is to maintain proper depths of water at all warves and landings. The Port is further empowered to provide light, water, police protection and other services for its facilities as it may deem advisable. It may construct or acquire, maintain and operate basins, locks, canals, warehouses and elevators and it may charge for the use of all facilities administered by it and for all services rendered by it, etc. The Port may charge a reasonable fee to each vessel arriving in its area and it has specific authority to make and enter into contracts, leases and other agreements with railroads, trucking companies, barge lines and with any and all companies interested in the transportation, storage and shipping of goods and other products, whether by rail, truck line, barge line, ocean going vessels or otherwise for the use of facilities administered by the Port or any part or portion thereof.[4]
It is the policy of our office that we not make factual determinations. We therefore cannot opine on each and every expenditure referenced in your request. We can, however, address the law on different types of expenditures in general terms.
CHAMBER OF COMMERCE EXPENDITURES
The information provided in your request shows numerous expenditures to the Greater Baton Rouge Chamber of Commerce and the Donaldsonville Area Chamber of Commerce. Generally speaking, public funds may not be used to contribute to a chamber of commerce.[5] The contributions made by the Port's director appear to have been sponsorships and/or membership dues. Again, Article 7, Section 14 of the Louisiana Constitution prohibits the donation of public funds. The Port, therefore, must have had some legal obligation or authority to contribute funds to the chamber of commerce. We do not find such authority in the statutes pertaining to the Port. *Page 3 
 CONFERENCE EXPENDITURES
The expenditure of public funds for expenses associated with conferences must be examined in light of any legal obligation or authority that exists for such expenditure. We previously opined that public funds may legitimately be used to assist public officials in improving their professional skills and scope of knowledge necessary to exercise his or her duties.[6] We adhere to this prior opinion. Thus these particular expenditures must be considered on a case-by-case basis.
DINNER/BANQUET EXPENDITURES
Our office has consistently opined that the payment or reimbursement for food, drink, or other expenses associated with parties and other types of celebratory functions from public funds is improper under Article 7, Section 14 of the Louisiana Constitution.[7] Therefore, expenditures made by the Director of the Port for food, drink, or other parties of celebratory functions appear to violate the Constitution. We do note that providing coffee, soft drinks, a moderate meal or snacks during a workshop, conference or meeting may be appropriate if the expenditure is reasonable.[8]
 SPONSORSHIPS/MISCELLANEOUS EXPENDITURES
Your request shows numerous expenditures for sponsorships and miscellaneous events. Again, without legal authority for these expenditures, they appear to violate the constitution.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ______________________
 TINA VICARI GRANT
 Assistant Attorney General
[1] City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983).
[2] Atty. Gen. Op. No. 00-14 and 92-204.
[3] Atty. Gen. Op. No. 05-0134.
[4] La. R.S. 34:1223.
[5] Atty. Gen. Op. Nos. 77-653, 77-1354 and 87-196.
[6] Atty. Gen. Op. Nos. 90-63 and 05-0036.
[7] Atty. Gen. Op. No. 03-0157.
[8] Atty. Gen. Op. No. 0157.